UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT DAVIS,**   Case No. 20-cv-
    Plaintiff**,**   **Hon.**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Detroit City Clerk,
    Defendant.
_____/
**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Complaint and Jury Demand ("Complaint"), states as follows:

### I.   NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

4. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

5. Public officials sued in their official capacity "reside" in the county where they perform their official duties. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

6. Defendant's principal office is in Lansing, MI, and Defendant performs her official duties in Lansing, MI.

7. Lansing, MI is in the Western District of Michigan. Therefore, venue is proper within the Western District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

8. Events giving rise to the causes of action plead and alleged herein occurred in the Western District of Michigan.

### III.   PARTIES

9. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

10.   Plaintiff, Robert Davis ("**Plaintiff Davis**" or "**Plaintiff**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis voted in the August 4, 2020 primary election.

11.   Defendant, Jocelyn Benson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan. Defendant Secretary of State "the chief election officer

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine whether the case falls within one of the three categories set out in 1391(b). If it does, venue is proper[.]" *Id*. at 55.

of the state" with "supervisory control over local election officials in the performance of their duties under the provisions of" the Michigan Election Law, MCL 168.1 *et seq*. Mich. Comp. Laws §168.21.

12. An actual controversy exists between the Plaintiff and the named Defendants.

## CAUSES OF ACTION

### COUNT I
**Plaintiff Davis' Procedural and Substantive Due Process Rights Were Violated By Defendant Secretary of State With The Unilateral Mailing of Unsolicited Absentee Voter Application.**

13. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

14. This claim is brought by Plaintiff Davis against Defendant Secretary of State, in her official and individual capacities, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

15. On August 4, 2020, Plaintiff Davis voted in the democratic primary election.

16. Plaintiff Davis physically went to his assigned polling location in the City of Highland Park and voted in person in the primary election held on August 4, 2020.

17. Plaintiff Davis did **not** vote by absentee ballot in the August 4, 2020 primary election because he feared that the **unsolicited** absentee voter **application** Defendant Secretary of State mailed to him in May 2020 was unlawful and improper and would be subject to a legal challenge.

18. On Wednesday, May 27, 2020, Plaintiff Davis, as a registered voter of the state of Michigan, received, through the U.S. postal mail, an **unsolicited** absentee voter **application** from the Defendant Secretary of State at Plaintiff Davis' home address.

19. Defendant Secretary of State mass mailed the **unsolicited** absentee voter **applications** to the Plaintiff and other registered voters in the State of Michigan from her principal office in Lansing, MI.

20. Defendant Secretary of State authorized the mass mailing of the **unsolicited** absentee voter **applications** to the Plaintiff and

other registered voters in the State of Michigan from her principal office in Lansing, MI.

21. The return address printed on the envelope Plaintiff received from the Defendant Secretary of State containing the **unsolicited** absentee voter **application** was Defendant Secretary of State's Lansing, MI office address.

22. Plaintiff Davis did **not** request, verbally or in writing, for the Defendant Secretary of State or his local city clerk to send Plaintiff Davis an absentee voter application for the upcoming August 2020 primary and the November 2020 general elections.

23. The absentee voter application Plaintiff Davis received in the mail at his home on May 27, 2020 from the Defendant Secretary of State was **unsolicited**!

24. Plaintiff Davis believes that the Defendant Secretary of State's actions of mailing out **unsolicited** absentee voter **applications** to Plaintiff Davis and other registered voters **in the certain cities and townships** were unlawful and violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals'

holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007), *lv denied,* 483 Mich. 907; 762 NW 2d 169 (2009).

25. Defendant Secretary of State's unlawful actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Davis and to other registered voters in certain communities were arbitrary and capricious and in violation of state law.

26. Proof of Defendant Secretary of State's actions were arbitrary and capricious, never before has the Defendant Secretary of State or any of her predecessors mailed **unsolicited** absentee voter **applications** to registered voters.

27. Defendant Secretary of State has stated publicly that she mailed **unsolicited** absentee voter **applications** to registered voters in **certain** communities was necessary due to the COVID-19 pandemic.

28. However, Michigan Election Law grants exclusive authority over the process of applying for and the issuance of absentee ballots to local city and township clerks and **not** the Defendant Secretary of State.

29. Under Michigan Election Law, the Defendant Secretary of State has no role in processing or issuing applications for absentee ballots.

30. Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to vote by absentee ballot without having to provide a reason.

31. Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to **apply** to vote by absentee ballot in any election held in the City of Highland Park.

32. Under Michigan Election Law, a registered voter must **first request**, either verbally or in writing, from their local city or township clerk an application to vote by absentee ballot.

33. Under Mich. Comp. Laws §168.759(5), Plaintiff Davis has a statutory right to request, verbally or in writing, an absentee ballot application from his local city clerk.

34. Neither the state constitution nor any provision of Michigan Election Law grants the Defendant Secretary of State the authority to mail an **unsolicited** absentee voter **application** to Plaintiff Davis.

35. Under Michigan's Constitution and Michigan Election Law, it is Plaintiff Davis' right to choose whether to request, either verbally or in writing, an absentee voter from Plaintiff Davis' local city clerk.

36. Defendant Secretary of State denied Plaintiff Davis his state constitutional and statutory right to request, either verbally or in writing, an absentee voter application from his local city clerk.

37. Prior to the August 4, 2020 primary election, Plaintiff Davis was told by state and local election officials that Plaintiff Davis had to use the **unsolicited** absentee voter **application** Defendant Secretary of State mailed Plaintiff in order to vote by absentee ballot in the August 4, 2020 primary election.

38. However, because Plaintiff Davis believed that the Defendant Secretary of State's actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Davis were unlawful and illegal, Plaintiff Davis did not feel comfortable using the **unsolicited** absentee voter **application** the Defendant Secretary of State mailed him and instead, chose to vote in person for the primary election held on August 4, 2020.

39. Plaintiff Davis was told that the local clerk's office would not issue Plaintiff Davis a different absentee ballot application for the August 4, 2020 primary election since Plaintiff had the **unsolicited** absentee ballot **application** the Defendant Secretary of State mailed to Plaintiff at his residence.

40. Based upon Defendant Secretary of State's recent public comments and legal pleadings filed on the Defendant Secretary of State's behalf in other pending legal matters, Plaintiff Davis believes Defendant Secretary of State will attempt to mail **unsolicited** absentee voter **applications** to registered voters, including Plaintiff Davis, in certain communities for the upcoming November 3, 2020 presidential general election.

41. Plaintiff Davis was told confidentially by political insiders that for the impending November 3, 2020 presidential general election, Defendant Secretary of State was going to mail **unsolicited** absentee voter **applications** to registered voters, like Plaintiff Davis, who voted in person at the August 4, 2020 primary election and/or who did not return an absentee voter application to their local city or township clerks to vote by

absentee in either the August 4, 2020 primary or November 3, 2020 general elections.

42. Defendant Secretary of State denied Plaintiff Davis his due process rights by denying Plaintiff Davis his state constitutional and statutory right to choose whether to request, either verbally or in writing, an absentee voter application from his local city clerk.

43. Plaintiff Davis has a protected property interest under Michigan Election Law and the Michigan Constitution to choose whether to request, either verbally or in writing, an absentee voter application from his local city clerk.

44. Defendant Secretary of State's unlawful actions denied Plaintiff Davis his procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

45. Defendant Secretary of State's unlawful actions denied Plaintiff Davis his substantial due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Secretary of State as follows:

    a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;
    b. an award of exemplary and punitive damages;
    c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
    d. a declaration that Plaintiff Davis' procedural due process rights have been violated by Defendant Secretary of State;
    e. a declaration that Plaintiff Davis' substantive due process rights have been violated by Defendant Secretary of State;
    f. a declaration that Defendant Secretary of State does not have the authority under Michigan's Constitution and/or Michigan Election Law to mail unsolicited absentee voter applications;
    g. an injunction enjoining the Defendant Secretary of State from mailing unsolicited absentee voter applications to registered voters; and
    h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: August 14, 2020          Respectfully submitted,

                                        */s/ ANDREW A. PATERSON*
                                        ANDREW A. PATERSON (P18690)
                                        Attorney for Plaintiff
                                        2893 E. Eisenhower Pkwy
                                        Ann Arbor, MI 48108
                                        (248) 568-9712
                                        aap43@outlook.com

## JURY DEMAND

Plaintiff, through counsel, respectfully demands a jury trial on all issues triable to a jury.

Dated: August 14, 2020          Respectfully submitted,
/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com